FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 15 2023

TAMMY H. DOWNS, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DERRICK SINGLETON, Individually and on Behalf of All Others Similarly Situated**  PLAINTIFF

vs.                    No. 4:23-cv-562-LPR

**LIFE STRATEGIES COUNSELING, INC.**                    **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Derrick Singleton ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys Daniel Ford and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action ("Complaint") against Defendant Life Strategies Counseling, Inc. ("Defendant"), he states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's policies and practice of failing to pay proper overtime compensation under the FLSA and the AMWA.

This case assigned to District Judge **Rudofsky**
and to Magistrate Judge **Kearney**

## II. JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. Defendant employed Plaintiff within Mississippi County. Therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

6. Plaintiff was eligible to be a collective action member in the case *Wihebrink v. Life Strategies Counseling, Inc.*, No. 4:21-cv-573-DPM (E.D. Ark.) (hereinafter the "*Wihebrink* case"), which is a case currently pending against Defendant in the Eastern District of Arkansas based largely on the same facts and circumstances as the current case. However, Plaintiff did not opt in to the *Wihebrink* case and the deadline for doing so has passed. Therefore, the *Wihebrink* case is related to the current case and should proceed before the same Court.

## III. THE PARTIES

7. Plaintiff is an individual and resident of Mississippi County.

8. Defendant is a domestic, for-profit corporation.

9. Defendant's registered agent for service is Elliott Richelson, at 1217 Stone Street, Jonesboro, Arkansas 72401.

10. Defendant, in the course of its business, maintains a website at https://www.lscihelp.com/.

## IV. FACTUAL ALLEGATIONS

11. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

12. Defendant owns and operates counseling service centers throughout Arkansas.

13. Within the three years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

14. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

15. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

16. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA and the AMWA.

17. At all times material herein, Plaintiff has regularly worked with or handled instrumentalities of interstate commerce, such as cell phones and the internet.

18. Defendant employed Plaintiff as an hourly-paid employee from May of 2013 until the present.

19. Plaintiff was employed as a Mental Health Professional and was primarily responsible for providing counseling services to Defendant's clients.

20. Defendant also employed other hourly-paid employees as Mental Health Professionals within the three years preceding the filing of this lawsuit.

21. Other Mental Health Professionals had the same or substantially similar job duties as Plaintiff.

22. At all relevant times herein, Defendant directly hired hourly-paid Mental Health Professionals to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

23. Plaintiff and other Mental Health Professionals recorded some of their hours worked via patient notes—i.e., they kept track of how many hours they spent with each patient and submitted the hours along with the patient notes.

24. Plaintiff regularly worked hours over 40 each week.

25. Upon information and belief, other Mental Health Professionals also worked hours over 40 each week.

26. Plaintiff regularly worked hours which went unrecorded and uncompensated.

27. Defendant paid Plaintiff and other Mental Health Professionals only for hours which they billed, which generally consisted of the hours they spent with clients.

28. However, Plaintiff and other Mental Health Professionals were required to complete work which was ancillary to meeting with clients and was not considered by Defendant to be billable work, such completing patient documentation, charting, scheduling and preparing for therapy sessions.

29. Defendant did not have a system in place to keep track of Plaintiff's and other Mental Health Professional's unbillable hours.

30. On average, Plaintiff estimates he billed and was paid for approximately 25 hours each week, but he regularly worked over 40 hours per week.

31. Upon information and belief, other Mental Health Professionals billed a similar number of hours and spent a similar number of hours working which went unrecorded and uncompensated.

32. Defendant's pay practices were the same for all hourly Mental Health Professionals.

33. Upon information and belief, the pay practices that violate the FLSA and AMWA alleged herein were the same at all of Defendant's facilities because the policy was a centralized human resources policy implemented uniformly from the corporate headquarters.

34. Defendant knew or should have known that Plaintiff and other Mental Health Professionals were working hours which went unrecorded and uncompensated.

35. At all relevant times herein, Defendant has deprived Plaintiff and similarly situated Mental Health Professionals of sufficient overtime compensation for all of the hours worked over forty per week.

36. Defendant knew or showed reckless disregard for whether its actions violated the FLSA and the AMWA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

37. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

38. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated, and any other employees who performed the same or similar work, regardless of job title, who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A. Regular wages and overtime premiums for all hours worked over forty hours in any week;

    B. Liquidated damages; and

    C. Attorney's fees and costs.

39. Plaintiff proposes the following collective under the FLSA:

**All hourly paid Mental Health Professionals within the past three years.**

40. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

41. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

42. The members of the proposed FLSA collective are similarly situated in that they share these traits:

    A. They were paid hourly;

    B. They had substantially similar job duties and responsibilities;

C.  They were subject to Defendant's common policy of paying them for billable hours only; and

D.  They were subject to Defendant's common policy of requiring them to complete patient charting and other administrative work off the clock.

43.  Plaintiff is unable to state the exact number of the collective but believes that it exceeds 10 persons.

44.  Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

45.  The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

46.  The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.  FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

47.  Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

48.  Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

49.  At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

50.  29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

51. Defendant classified Plaintiff as nonexempt from the requirements of the FLSA.

52. Defendant failed to pay Plaintiff for all hours worked, including 1.5x his regular rate for all hours worked in excess of forty hours per week.

53. Defendant knew or should have known that its actions violated the FLSA.

54. Defendant's conduct and practices, as described above, were willful.

55. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

56. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

57. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

58. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

59. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

60. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

61. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

62. Defendant classified Plaintiff and other similarly situated employees as nonexempt from the overtime provisions of the FLSA.

63. Defendant failed to pay Plaintiff and similarly situated employees for all hours worked, including 1.5x their regular rate for all hours worked in excess of 40 hours per week.

64. Defendant deprived Plaintiff and similarly situated employees of compensation for all of the hours worked over 40 per week, in violation of the FLSA.

65. Defendant knew or should have known that its actions violated the FLSA.

66. Defendant's conduct and practices, as described above, were willful.

67. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

68. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof,

Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

69. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

### VIII. THIRD CLAIM FOR RELIEF
#### (Individual Claim for Violation of the AMWA)

70. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

71. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq.*

72. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

73. Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

74. Defendant classified Plaintiff as nonexempt from the requirements of AMWA.

75. Defendant failed to pay Plaintiff for all hours worked, including overtime wages as required under the AMWA for all hours that Plaintiff worked in excess of forty per week.

76. Defendant knew or should have known that its practices violated the AMWA.

77. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

78. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

## IX.  PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Derrick Singleton, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. A declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the AMWA, and their related regulations;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid wages under the FLSA, the AMWA and their related regulations;

D. Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the AMWA, and their related regulations;

E. An order directing Defendant to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**DERRICK SINGLETON, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

*/s/ Daniel Ford*
Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com