**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**DERRICK SINGLETON, Individually and on
Behalf of All Others Similarly Situated**                    **PLAINTIFF**

**v.**                    **CASE NO. 4:23-cv-562-DPM**

**LIFE STRATEGIES COUNSELING, INC.**                    **DEFENDANT**

<u>**ANSWER TO ORIGINAL COMPLAINT–COLLECTIVE ACTION**</u>

Comes now Defendant, Life Strategies Counseling, Inc., by and through its attorneys, Womack Phelps Puryear Mayfield & McNeil, P.A., and for its Answers to Original Complaint – Collective Action, states:

**I.  PRELIMINARY STATEMENTS**

1.      It admits that Plaintiff brings the claims under the statutes indicated, but denies the remaining allegations of paragraph 1.  The Parties have reached an agreement to settle this matter, and this Answer is being filed as a protective filing while settlement finalization and approval is in process.

2.      This paragraph seems to be imprecatory language, but to the extent it requires a response, it is denied.

**II.  JURISDICTION AND VENUE**

3.      It admits that subject matter jurisdiction of the Court.

4.      It admits that the Complaint alleges violation of the AMWA, but it denies any violation of the law or any wrongdoing.  It further states that the remaining allegations of paragraph 4 contain legal conclusions to which no response is required.  To the extent it requires a response from this Defendant, the remaining allegations of paragraph 4 are denied.

5.      It admits that Plaintiff alleges that acts were committed, but it specifically denies any wrongdoing and states that paragraph 5 contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the Eastern District of Arkansas is the proper venue, but it denies that such should be within the Western Division.

6.      Plaintiff did not timely opt in to the Wihebrink matter, but there was an agreement to allow him to consent to join, which he did, and which was filed of record on March 21, 2023. Docket No. 4:21-cv-00573-DPM; Document No. 37.  Defendant therefore denies the allegations of paragraph 6.

## III.  THE PARTIES

7.      It is without sufficient information to admit or deny the allegations of paragraph 7 and, therefore, denies same.

8.      It admits the allegations of paragraph 8.

9.      It admits the allegations of paragraph 9.

10.     It admits that at times certain Defendant had a website at the address listed, but denies the remaining allegations of paragraph 10.

## IV.  FACTUAL ALLEGATIONS

11.     Pleading to the allegations of paragraph 11, it pleads its previous admissions, explanations, and denials herein as if set forth word for word.

12.     It admits that it owns and operates a counseling service with locations in Arkansas, but denies the remaining allegations of paragraph 12.

13.     Paragraph 13 is a legal conclusion which does not require a respond; to the extent a response is required, on information and belief, Defendant employs at least four (4) employees, but denies the remaining allegations of paragraph 13.

14.     Paragraph 14 states a legal conclusion, which does not require a response; however, to the extent a response is required, it admits that it is engaged in interstate commerce.

15.     Paragraph 15 is a legal conclusion, which does not require a response; however to the extent a response is required, it admits, on information and belief, that it is engaged in interstate commerce, but denies all remaining allegations of paragraph 15.

16.     Paragraph 16 is a legal conclusion, which does not require a response; however to the extent a response is required, it admits, on information and belief, that it has applied the Fair Labor Standards Act and the Arkansas Minimum Wage Act, but denies the remaining allegations of paragraph 16.

17.     Paragraph 17 states a legal conclusion, which does not require a response; however to the extent a response is required, it admits only that the internet and mobile phone technology are used and that it is engaged in interstate commerce, but denies the remaining allegations of paragraph 17.

18.     Pleading to the allegations of paragraph 18, it admits only that Plaintiff was an employee on dates certain, which are denied pending further discovery.

19.     It admits, on information and belief, that Plaintiff worked as a Mental Health Professional and that such position requires counseling services to clients, but denies the remaining allegations of paragraph 19, pending further discovery.

20.     Paragraph 20 states a legal conclusion, to which no response is require; however, to the extent a response is required, Defendant admits only that it employed persons as mental health professionals, but denies persons were hourly paid and denies all remaining allegations of paragraph 20.

21.    Paragraph 21 appears to state a legal conclusion, but to the extent it requires a response, it is denied pending further discovery.

22.    On information and belief, it admits that it hired Mental Health Professionals who were paid and may have received benefits to which they were eligible, but the remaining portions of paragraph 22 are so vague and overbroad that they must be denied.

23.    On information and belief, it admits that Mental Health Professionals were required to provide patient's notes and to provide information of billing, but denies the remaining allegations of paragraph 23.

24.    It denies the allegations of paragraph 24.

25.    It denies the allegations of paragraph 25.

26.    It denies the allegations of paragraph 26.

27.    Pleading to the allegations of paragraph 27, it admits that Mental Health Professionals wrote notes, but denies the remaining allegations of paragraph 27 pending further discovery.

28.    The allegations of paragraph 28 are vague and general, such that they are denied.

29.    It denies the allegations of paragraph 29.

30.    It denies the allegations of paragraph 30.

31.    It denies the allegations of paragraph 37.

32.    Paragraph 32 is vague and is, therefore, denied.

33.    Paragraph 33 states a legal conclusion to which no response is required, but to the extent a response is required, it is denied pending further discovery.

34.    It denies the allegations of paragraph 34.

35.    It denies the allegations of paragraph 35.

36.     Paragraph 36 states a legal conclusion to which no response is required; however, to the extent a response is required, it is denied.

## V. REPRESENTATIVE ACTION ALLEGATIONS

37.     Pleading to the allegations of paragraph 37, it pleads its previous admissions, explanations, and denials herein as if set forth word for word.

38.     Paragraph 38 states a legal conclusion to which no response is required, however, to the extent a response is required, it admits that 29 U.S.C. § 216(b) states what it states and it denies the remaining allegations of paragraph 38 and each and every subparagraph of said paragraph 38.

39.     While denying any liability under the Fair Labor Standards Act, Defendant pleads that paragraph 39 states a legal conclusion to which no response is required; however, to the extent a response is required, Defendant denies the allegations of paragraph 39, and each every subparagraph of said paragraph 39, and  states that the hourly paid language is improper as Mental Health Professionals were not hourly paid, on information and belief,.

40.     Paragraph 40 states a legal conclusion to which no response is required, but to the extent a response is required, it is denied.

41.     Paragraph 41 states a legal conclusion to which no response is required, but to the extent a response is required, it is denied.

42.     Paragraph 42 is general, vague, and appears to state a legal conclusion, such that no response is required; however, to the extent a response is required, it denies the allegations of paragraph 42 and each and every subparagraph of said paragraph 42.

43.     Paragraph 43 appears to state a legal conclusion which does not require a response; however, to the extent a response is required, it denies the allegations of paragraph 43 pending further discovery.

44.     Paragraph 44 appears to state a legal conclusion which does not require a response; however, to the extent a response is required, it denies the allegations of paragraph 44 pending further discovery.

45.     Paragraph 45 appears to state a legal conclusion which does not require a response; however, to the extent a response is required, it denies the allegations of paragraph 45 pending further discovery.

46.     Paragraph 46 appears to state a legal conclusion which does not require a response; however, to the extent a response is required, it denies the allegations of paragraph 46 pending further discovery.

## VI.  FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

47.     Pleading to the allegations of paragraph 47, it pleads its previous admissions, explanations, and denials herein as if set forth word for word.

48.     Paragraph 48 contains a reference to the statute and the reference is admitted, but it denies the remaining allegations of paragraph 48.

49.     It admits, on information and belief, that it engages in interstate commerce and it admits the statute stated is as such, but it denies the remaining allegations of paragraph 49.

50.     Paragraph 50 appears to state a legal conclusion to which no response is required; however, to the extent a response is required, it admits the statutes referenced are part of the United States Code, but deny the remaining allegations of paragraph 50.

51.     It denies the allegations of paragraph 51.

52.     It denies the allegations of paragraph 52.

53.     It denies the allegations of paragraph 53.

54.     It denies the allegations of paragraph 54.

55.     It denies the allegations of paragraph 55.

56.     It denies the allegations of paragraph 56.

57.     It denies the allegations of paragraph 57.

## VII.  SECOND CLAIM FOR RELIEF
### (Collective Action Claim of Violation of the FLSA)

58.     Pleading to the allegations of paragraph 58, it pleads its previous admissions, explanations, and denials herein as if set forth word for word.

59.     Paragraph 59 appears to state a legal conclusion to which no response is required; however, to the extent a response is required, it is denied.

60.     It admits, on information and belief, that it engages in interstate commerce, but the remaining portions of paragraph 60 contain legal conclusions which no response is required; however, to the extent a response is required, the allegations are denied.

61.     Paragraph 61 appears to state a legal conclusion to which no response is required; however, to the extent a response is required, it admits that the statutes cited are part of the United States Code and contain certain language, but denies the remaining allegations of paragraph 61.

62.     It denies the allegations of paragraph 62.

63.     It denies the allegations of paragraph 63.

64.     It denies the allegations of paragraph 64.

65.     It denies the allegations of paragraph 65.

66.     It denies the allegations of paragraph 66.

67.     It denies the allegations of paragraph 67.

68.     It denies the allegations of paragraph 68.

69.   It denies the allegations of paragraph 69.

## VIII.  THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of the AMWA)

70.   Pleading to the allegations of paragraph 70, it pleads its previous admissions, explanations, and denials herein as if set forth word for word.

71.   Paragraph 71 appears to state a legal conclusion to which no response is required; however to the extent a response is required, it denies the allegations of paragraph 71.

72.   Paragraph 72 appears to state a legal conclusion to which no response is required; however to the extent a response is required, it denies the allegations of paragraph 72.

73.   Paragraph 73 appears to state a legal conclusion to which no response is required; however to the extent a response is required, it denies the allegations of paragraph 73.

74.   It denies the allegations of paragraph 74.

75.   It denies the allegations of paragraph 75.

76.   It denies the allegations of paragraph 76.

77.   It denies the allegations of paragraph 77.

78.   It denies the allegations of paragraph 78.

## IX.  PRAYER FOR RELIEF

79.   The WHEREFORE clause does not require a response, but to the extent it does require a response, it is denied, and each and every subparagraph of said wherefore clause.

80.   It denies all other allegations not admitted, explained, or denied herein.

81.   Plaintiff's Complaint fails to state a claim upon which relief can be granted under Federal Rules of Civil Procedure 12(b)(6).

82.    The parties have reached an agreement to settle this matter, as such, this matter should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

83.    Plaintiff's claims and the claims of the putative members of the purported opt-in collective in the Complaint are barred because Defendant has paid them all wages owed.

84.    Plaintiff's claims for overtime and claims for overtime for the putative members of the purported collective are barred as a matter of law during any work week in which Plaintiff or any other putative member of the collective did not work in excess of 40 hours per week

85.    Plaintiff and putative members of the purported collective meet the requirements for exemption under the FLSA, and the exclusion from employee under the Arkansas Minimum Wage Act, as they are and were employed in a bonafide executive, administrative or professional capacity.

86.    Plaintiff and the putative members of the purported collective meet the requirement for exempt status under § 13(a)(1) of the FLSA as a highly compensated worker pursuant to applicable law, including but not limited to, 29 C.F.R. §541.601(a).

87.    Plaintiff's damages and damages of the putative members of the purported collective, if any, were caused by their own actions or omissions, or the actions and omissions of a third-party.

88.    The Complaint fails to state facts sufficient to certify a collective action under FLSA.

89.    Plaintiff is not similarly situated to any of the purported collective members because she and those persons have not worked overtime.

90.    Defendant has not implemented, maintained, or enforced any unlawful uniform policy or plan.

91.    Plaintiff's claims are highly individualized and would predominate over any supposed common issues.

92.     There are no common issues of law or fact.

93.     Plaintiff fails to state any facts upon which liquidated damages or any other damages may be granted.

94.     Defendant did not knowingly, willfully, or with reckless disregard, violate the FLSA or the AMWA with respect to Plaintiff or any other individual.

95.     At all times relevant to this action, Defendant Life Strategies Counseling, Inc, acted lawfully, in good faith, and had reasonable grounds to believe its conduct with respect to the Plaintiff or any other individual, if any, was in full compliance with all applicable statutes, laws, and regulations.

96.     Plaintiff's claims and those of the putative collective members are barred by the applicable statute of limitations.

97.     Defendant alternatively pleads claim and issue preclusion for one or more of the claims of Plaintiff and proposed collective members.

98.     Plaintiff has failed to plead or have numerosity, commonality, typicality, fair and adequate representation, and superiority, as more fully defined under Rule 23 of the Federal Rules of Civil Procedure and applicable case law.

99.     Plaintiff has failed to plead or meet the requirements of Rule 23(b) of the Federal Rules of Civil Procedure or any subpart of paragraph (b).

100.    Pleading alternatively, it pleads that a two-year statute of limitations applies.

101.    Any actions taken by Defendant were taken for proper cause and not because of any protected or illegal factor.

102.    Plaintiff received all things due under the FLSA and AMWA.

103.    To the extent Plaintiff seeks remedies against Defendant beyond those available under applicable law, those remedies are improper.

104.    Plaintiff's claims and some or all the putative members of the purported collective are barred in whole or in part by laches; estoppel; unclean hands; election of remedies; the de minimis nature of any alleged violation; offset for any payment of wages that were made, but not owed; and failure to mitigate any alleged damages; his at-will employment status; payment of all wages owed; and the after acquired evidence doctrine.

105.    It pleads the application of Arkansas Code Annotated sections 11-4-211 and 11-4-218 in bar or diminution to the claims made herein.

106.    Defendant requests its attorneys fees and costs, as this matter has been previously resolved.

107.    Defendant pleads all other defenses available under Rules 8 and 12 of the Federal Rules of Civil Procedure, except as to process, service of process, personal jurisdiction, subject matter, and venue.

108.    It reserves the right to file additional pleadings herein, including, but not limited to an Amended Answer or Counter-Claim.

WHEREFORE, premises considered, Defendant prays the Complaint filed against it be dismissed, for its costs and attorneys' fees herein, and for any and all other proper relief.

Respectfully submitted,

Mark Mayfield (93180)
WOMACK PHELPS
PURYEAR MAYFIELD & McNEIL, P.A.
P.O. Box 3077
Jonesboro, AR 72403
Phone:  (870) 932-0900
Facsimile:  (870) 932-2553
mmayfield@wpmfirm.com
     *Attorneys for Separate Defendant,*
     *Life Strategies Counseling, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of November, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Mr. Josh Sanford
Mr. Sean Short
SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
josh@sanfordlawfirm.com
sean@sanfordlawfirm.com
     *Attorneys for Plaintiff,*
     *Derrick Singleton*

Mark Mayfield